### J. Q. WARD, TRUSTEE, ETC., *v.* S. G. STEVENSON.

**Vendor and Purchaser—Cancellation of Sale—Failure to Open Street.**
  A statement in the sale of land, relative to what had been done and the opinion of the vendors as to what the council would do in regard to opening a street, is not ground for cancelling the contract of sale upon the failure of the council to open the street.

**Vendor and Purchaser—Presumption—Knowledge of Other Sale—Waiver.**
  Where other land was sold at the time plaintiff entered into his contract of purchase, he must be presumed to have entered into the contract with knowledge of the other sale, and to have waived any cause of objection which he may have had to it.

APPEAL FROM HARRISON CIRCUIT COURT.

January 18, 1873.

OPINION BY JUDGE HARDIN:

Admitting the facts of the case to be substantially as stated by the circuit judge in his opinion, we can not concur in the conclusion of the lower court. As to the failure of the city to open Church Street, or rather to extend it, as seems to have been contemplated, there is neither allegation nor proof of fraud on the part of Ward or Dills. It appears that they authorized the auctioneer to announce, and stated themselves, the ordinance of the city council for opening the street; it may be true that a writ had issued preliminary to condemning the land over which the proposed extension of the street would run; but it still does not appear, and in fact, is not

alleged, that they did more than to honestly express this belief as to what the conucil had done and would do in regard to opening the street. If the appellee, acting on the information thus given, in relation to a matter of which he could have easily learned as much as Ward and Dills knew on the subject, was disappointed, as probably they were also, as to the future action of the council, we do not see that this disappointment is a sufficient ground for canceling his contract of purchase, especially after his acceptance of a conveyance of the lot.

As to the alleged breach of a promise of Dills to donate to the city twenty feet of ground for Wilson Avenue, set up in an amended answer, offered but not filed, we deem it sufficient to say that if the facts therein alleged are true, still as that ground was sold at the same time that the appellee purchased; and as we must infer before he accepted the deed to him, it must be presumed that he entered into his contract with knowledge of the other sale and waiving any cause of objection he may have had to it. It ought not, therefore, now to be made a cause for rescinding the appellee's contract of purchase.

We are of the opinion that the court erred in rescinding the contract.

Wherefore, the judgment is reversed, and the cause remanded with instructions to render a judgment for the plaintiff conformable to this opinion.

*J. T. Ward, for appellant.*

*Cleary, West, for appellees.*